IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOM BOWMAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CIVIL ACTION NO.<br>2:18-CV-866-WHA<br>(WO) |

## **ORDER**

Before the court is Petitioner Tom Bowman's "Motion for Rule 60 Relief" filed June 6, 2019. Doc. # 18.

Around October 9, 2018, Bowman, a federal inmate at the Maxwell Federal Prison Camp in Montgomery, Alabama, filed with this court a self-styled petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. # 1. Pursuant to orders by this court, Bowman filed an amended § 2241 petition on October 12, 2018. Doc. # 3. In his petition as amended, Bowman claimed that his 2018 convictions and sentence by the United States District Court for the Northern District of Georgia were void because (1) the federal district courts, including the court in which he was convicted and sentenced, are not lawfully established by Congress; (2) the United States suffered no "injury in fact" from his alleged crimes and thus lacked standing to prosecute him;[1] and (3) his guilty plea was entered under duress in violation of his due process rights. Doc. # 3 at 1–3.

---
[1] Bowman pled guilty to making a false writing or document and making a false statement on a bank loan application, in violation of 18 U.S.C. §§ 1001, 1014.

Because Bowman's claims challenged the validity of his convictions and sentence and fell squarely within the realm of injuries addressed by motions to vacate under 28 U.S.C. § 2255, this court found that his self-styled § 2241 petition must be considered as a motion to vacate under § 2255. *See* Doc. # 9. And because venue and jurisdiction for actions considered under § 2255 lie only in the district of conviction, this court transferred Bowman's case to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1631. *See* Docs. # 9 & 13.

In his "Motion for Rule 60 Relief" (Doc. # 18), Bowman again challenges the validity of his convictions and sentence by the Northern District of Georgia court. He requests an "[i]mmediate hearing on the facts regarding the legality of his current detention with regards to already argued and as yet unruled upon lack of standing to sue by the United States Attorney in the associated criminal case on behalf of the United States of America." Doc. # 18 at 2.

Although Bowman styles his motion as one for relief under Rule 60 of the Federal Rules of Civil Procedure, it is properly understood as a motion requesting that his original self-styled § 2241 petition be reinstated in this court. Bowman does not assert any of the grounds for relief contained in Rule 60, and once again he presents claims that go to the validity of his conviction and sentence. Rule 60 of the Rules of *Civil* Procedure is an inappropriate vehicle to challenge a criminal conviction or sentence. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). Further, Bowman demonstrates no infirmity in this court's order transferring his case to the United States District Court for the Northern District of Georgia

pursuant to 28 U.S.C. § 1631. Bowman challenged his conviction and sentence. Such challenges are properly brought under § 2255. Section 2255 motions are properly filed only in the court of conviction. Bowman simply fails to demonstrate any basis for relief from this court.

Accordingly, for the reasons indicated above, it is ORDERED that Bowman's "Motion for Rule 60 Relief" (Doc. # 18) is DENIED.

DONE this 13th day of June, 2019.

    /s/   W. Harold Albritton III
SENIOR UNITED STATES DISTRICT JUDGE